UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| RAYMONE K. BAIN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 13-848 (RCL) |
| | ) |
| GARY, WILLIAMS, PARENTI, WATSON | ) |
| & GARY, P.L., *ET AL.*, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM OPINION

This matter comes before the Court upon defendants' Motion to Dismiss Complaint for Failure to State a Claim. Upon consideration of the defendants' motion [5], plaintiff's opposition thereto [8], and the defendants' reply [12], the Court DENIES the defendants' motion.

## I. BACKGROUND

This case arises from a personal services agreement ("PSA") between the plaintiff, Raymone K. Bain, and the late King of Pop, Michael Jackson. The agreement, signed on May 30, 2006, entitled Ms. Bain to a 10% finder's fee in the event that Mr. Jackson benefitted from any agreements or engagements initiated by Ms. Bain or her contacts. *Bain v. Jackson*, 783 F. Supp. 2d 13, 16 (D.D.C. 2010). In the following months, Ms. Bain claims that she negotiated deals for Mr. Jackson entitling her to millions of dollars. *Id.* On December 27, 2007, Ms. Bain signed an agreement releasing Mr. Jackson from any liability to her in excess of $488, 820.05, the sum that Mr. Jackson agreed to pay as compensation to Ms. Bain. *Id.*

In May 2009, Ms. Bain, represented by the firm Cahn & Samuels LLP, filed suit against Mr. Jackson and affiliated corporate entities, arguing that notwithstanding the release, Mr. Jackson owed $44 million in damages for breach of contract, unjust enrichment, and quantum meruit. On June 18, 2009, Mr. Jackson moved to dismiss solely on the basis of the release. Mr. Jackson died seven days later.

On July 2, 2009, Cahn & Samuels filed an opposition to the motion to dismiss on Ms. Bain's behalf. *Bain v. Jackson*, No. 09-826, Pl.'s Opp. to Defs.' Mot. to Dismiss, ECF No.28. The opposition first urged that consideration of the release, a document outside of the pleadings, was inappropriate on a motion to dismiss, and second, argued that the release was invalid because it was procured through fraudulent inducement, misrepresentation, and mistake. *Id.* at 1. The then-presiding district judge, the Honorable James Robertson, agreed on the first point and notified the parties that the motion to dismiss would be treated as a motion for summary judgment. *Bain v. Jackson*, No. 09-826, Order, ECF No. 31. And in light of Mr. Jackson's unexpected passing, Judge Robertson stayed the case pending appointment of an executor for Mr. Jackson's estate. *Id.*

The court lifted the stay on November 20, 2009, *Bain v. Jackson*, No. 09-826, Order, ECF No. 36, and on December 15, granted Cahn & Samuels' motion to withdraw as Ms. Bain's counsel, *Bain v. Jackson*, No. 09-826, Order, ECF No. 38. Ms. Bain then retained counsel from the law firm of Gary, Williams, Finney, Lewis, Watson, and Sperando, P.L. ("Gary Firm"), who entered their appearance on December 18, 2009.

On January 4, 2010, the Gary Firm filed a supplemental opposition to the motion to dismiss that largely focused on the authenticity of the release. *Bain v. Jackson*, No. 09-826, Order, ECF No. 48. On May 7, 2010, Judge Robertson, finding that the release was both

genuine and a bar to Ms. Bain's claims, granted summary judgment in favor of Mr. Jackson. *Bain v. Jackson*, 783 F. Supp. 2d at 16–19. The Gary Firm did not move for reconsideration or file an appeal.

Five months later, Ms. Bain filed a motion to set aside the judgment pursuant to Federal Rule of Civil Procedure 60(b)(2), which allows relief from a final judgment where there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial." The new evidence claimed by Ms. Bain was an April 24, 2008 letter wherein Mr. Jackson denies any knowledge of the release and requests that Ms. Bain continue working on his behalf. In her motion, Ms. Bain claimed that although she was aware of the letter's existence, and informed her counsel of it, she had been unable to locate a copy of the letter until files that were in the possession of a consultant for the Michael Jackson Company LLC were returned to her in July 2010. This Court denied relief under Rule 60(b)(2), holding that Ms. Bain failed to exercise due diligence to locate the document because she and her counsel "knew of the 2008 letter's existence, [but] failed to reference it in any of their filings with the Court." *Bain v. Jackson*, No. 09-826, Memorandum and Order, ECF No. 79.

The U.S. Court of Appeals for the D.C. Circuit affirmed. The Circuit held that "a party's unannounced awareness of evidence can affect the assessment of whether it exercised the 'reasonable diligence contemplated by the Rule." *Bain v. MJJ Prods., Inc.*, 12-7061, 2014 WL 1887370 (D.C. Cir. May 13, 2014). Ms. Bain's failure to apprise the district court of the 2008 letter in order to request the court's assistance in unearthing the letter in discovery was the principal reason for the Circuit's decision.

While the appeal was pending, Ms. Bain filed the present action, alleging that the Gary Firm committed legal malpractice by failing to (1) amend the complaint to include events that

occurred subsequent to initiation of the suit; (2) marshal additional facts and evidence to support Ms. Bain's claims; (3) alert the court to the existence of the April 24, 2008 letter and request the court's assistance in recovering the letter through discovery; (4) keep Ms. Bain informed about the status of her case; and (5) file a timely motion for reconsideration and/or notice of appeal. The defendants have moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## II. LEGAL STANDARD

The events giving rise to this complaint occurred in the District of Columbia, and this case was initially filed in the Superior Court of the District of Columbia pursuant to D.C. Code § 11-921. Defendants successfully removed the case to this Court, which has jurisdiction over this matter under 28 U.S.C. § 1332 because of the complete diversity of citizenship between Ms. Bain and the Gary Firm. In such cases, "federal courts are to apply *state* substantive law and *federal* procedural law." *Burke v. Air Serv. Int'l, Inc.*, 685 F.3d 1102, 1107 (D.C. Cir. 2012) (emphasis added). Accordingly, District of Columbia law applies to the substantive legal malpractice claim while the Federal Rules of Civil Procedure govern the question whether Ms. Bain has pleaded sufficient facts to state a claim.

### A. **Legal Malpractice**

Under District of Columbia law, to prevail on a legal malpractice claim, the plaintiff must demonstrate (1) the applicable standard of care; (2) a breach of that standard; and (3) that the breach caused the harm complained of. *Biomet Inc. v. Finnegan Henderson LLP*, 967 A.2d 662, 664 (D.C. 2009). The standard of care owed by attorneys to their clients is one of reasonableness, meaning that attorneys owe their clients a "duty to work in [the client's] interests using a reasonable degree of knowledge, care, and skill." *Id*. at 665. As applied by D.C. courts,

the doctrine of judgmental immunity forecloses liability for attorney "mistakes made in the honest exercise of professional judgment." *Id*. Significantly, "an attorney's judgmental immunity and an attorney's obligation to exercise reasonable care coexist such that an attorney's non-liability for strategic decisions is conditioned upon the attorney acting in good faith and upon an informed judgment after undertaking reasonable research of the relevant legal principals and facts of the given case." *Id*. (internal quotations omitted). Thus, despite the word "immunity," the doctrine of judgmental immunity "appears to be nothing more than a recognition that if an attorney's actions could under no circumstances be held to be negligent, then a court may rule as a matter of law that there is no liability." *Jones v. Lattimer*, No. CV 12-2050, 2014 WL 869470, at *4 (D.D.C. Mar. 6, 2014) (quoting *Sun Valley Potatoes, Inc. v. Rosholt, Robertson & Tucker,* 133 Idaho 1, 981 P.2d 236, 240 (1999)).

### B. Motion to Dismiss Under Rule 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). Although Rule 8(a)(2), which sets forth the pleading standard for federal complaints, does not require "detailed factual allegations," a complaint must present more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id*. Taken together, the facts alleged in the complaint must be sufficient to raise a plausible claim and to permit "the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

In deciding the motion, the Court must "accept the plaintiff's factual allegations as true and construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

(internal quotations omitted). "Factual allegations, although assumed to be true, must still 'be enough to raise a right to relief above the speculative level.'" *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Dismissals pursuant to Rule 12(b)(6) are generally disfavored, and "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003).

### III.  ANALYSIS

Defendants assert three arguments to support dismissal: (1) that any finding of legal malpractice would require speculation as to the harm suffered by Ms. Bain; (2) that Ms. Bain's claims are contradicted by the documentary record; (3) that Ms. Bain cannot establish that the Gary Firm's negligence caused her injury; and (4) that Ms. Bain cannot establish that she would have prevailed in the district court or on appeal in the absence of the Gary Firm's negligence. The second argument is easily rejected because the defendants' motion presents no facts to support their assertion. The remaining arguments are dismissed because they are incongruent with the findings made in the underlying case.

The gravamen of Ms. Bain's legal malpractice claim is that the Gary Firm's advice that the 2008 letter, which allegedly proves the fraudulent nature of the release, could not be mentioned to the court because it was lost was erroneous and caused her to lose her claim. Indeed, the release was the principal reason for Judge Robertson's rejection of Ms. Bain's case. And, the Circuit's opinion affirming this Court's rejection of Ms. Bain's motion to set aside Judge Robertson's judgment relied entirely upon the failure of Ms. Bain to inform the court of

the letter's existence. It is therefore not speculation to infer that, assuming the truth of all facts asserted by Ms. Bain, the Gary Firm's erroneous advice caused the loss of Ms. Bain's claim.

Moreover, there are two crucial questions of fact to be resolved in this case. First, the parties disagree on whether Ms. Bain communicated the existence of the April 24, 2008 letter to members of the Gary Firm. In at least two places in their motion, the defendants imply that Ms. Bain did not inform them of the letter. *See* Defs.'s Mot. to Dismiss Complaint for Failure to State a Claim, ECF No. 5, at 4 ("Bain has not alleged a date or described the specific circumstances of her informing the Gary Defendants about the existence of the unauthenticated April 24th letter[.]"); *id.* at 12 (same). Second, the defendants dispute Ms. Bain's contention that Willie Gary, a partner in the Gary Firm, promised to file a motion for reconsideration and/or notice of appeal after Judge Robertson's summary judgment order, but failed to do so. *See id.* at 4 ("[Bain] has [not] demonstrated that the Gary Defendants were responsible for filing a motion for reconsideration or notice of appeal."). This Court cannot resolve these fundamental questions of fact on a motion to dismiss. Accordingly, the defendants' motion is DENIED.

A separate Order consistent with this Memorandum Opinion shall issue this date.

Signed by Royce C. Lamberth, United States District Judge, on July 7, 2014.