## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RAYMONE K. BAIN,

   Plaintiff,

   v.

GARY, WILLIAMS, WATSON & GARY,
P.L., et al.,

   Defendants.

Civil No. 13-848 (RCL)

### MEMORANDUM AND ORDER

 This case comes before the Court upon a Motion [41] for a protective order filed by the Executors of Michael Jackson's Estate ("movants").  Upon consideration of plaintiff's and movants' filings, the entire record in this case, and the applicable law, the Motion is **GRANTED** in part and **DENIED** in part.

 Movants concede that the financial documents for which they seek a protective order are discoverable.  Movants argue, however, that because these documents pertain to the damages rather than the liability aspect of plaintiff's suit against defendants, and because plaintiff could and would misuse these documents, it would be better to delay discovery of these until plaintiff has established liability, if that ever happens.

 A party seeking a protective order for discovery material—a category which includes, notwithstanding plaintiff's argument to the contrary, anyone from whom discovery is sought—must show that there is "good cause" for such an order.  Fed. R. Civ. P. 26(c).  "Good cause" requires "showing that disclosure will work a clearly defined and serious injury to the party seeking [dis]closure. The injury must be shown with specificity." *Pansy v. Borough of Stroudsburg*, 23

1

F.3d 772, 786 (3d Cir. 1994) (citing *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," do not suffice to show good cause. *Pansy*, 23 F.3d at 786 (citing *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986), *cert. denied*, 484 U.S. 976 (1987)).

Given that plaintiff appears to be trying to publish an unauthorized tell-all book about working for Michael Jackson notwithstanding her 2006 confidentiality agreement with him, movants have shown to the Court's satisfaction that disclosing the requested financial records to plaintiff could pose a specific risk of harm sufficient to justify a protective order. The Court is not convinced, however, that bifurcating discovery is necessary to address that risk. Movants have provided reasons to doubt that plaintiff would be effectively restrained by a confidentiality order, but have provided no basis to likewise doubt plaintiff's counsel. It is therefore

**ORDERED** that movants shall produce the information called for by plaintiff's subpoenas, but to plaintiff's counsel only, and it is

**FURTHER ORDERED** that plaintiff's counsel shall make no further distribution of such information—not even to plaintiff—without the permission of this Court. Should plaintiff's counsel wish to further distribute any part of that information, they must file a motion with the court explaining what information they wish to distribute, to whom they wish to distribute it, and why they want to do so.

It is **SO ORDERED** this 29th day of September, 2015.


Signed by Royce C. Lamberth, Judge, on September 29, 2015.

2