IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAYMONE K. BAIN, | Case No. 1:13-cv-00848-RCL |
| Plaintiff, | |
| v. | ORAL HEARING REQUESTED |
| GARY, WILLIAMS, PARENTI, WATSON, & GARY, P.L., et al., | |
| Defendants. | |

**PLAINTIFF RAYMONE K. BAIN'S MOTION AND MEMORANDUM IN SUPPORT FOR AN ORDER (1) TO SHOW CAUSE WHY THIRD-PARTIES JOHN BRANCA AND JOHN MCCLAIN, AS EXECUTORS OF THE ESTATE OF MICHAEL JACKSON, ARE NOT IN CIVIL CONTEMPT AND (2) FOR SANCTIONS AGAINST THE ESTATE <u>PURSUANT TO FED. R. CIV. P. 37(b)(2)</u>**

## I.   INTRODUCTION

On September 29, 2015, the Court ordered Third-Parties John Branca and John McClain, as Executors of the Estate of Michael Jackson ("the Estate"), to provide counsel for Plaintiff Raymone K. Bain with materials that Plaintiff had subpoenaed related to business deals that Plaintiff helped negotiate on behalf of Mr. Jackson. Even though close to two and a half months have passed since the Court ordered production, and despite multiple efforts by Plaintiff's counsel to obtain the records, the Estate continues to withhold accounting records related to a deal for Mr. Jackson's 25th anniversary edition of the "Thriller" album. The Estate has offered no explanation for the delay, nor has it given Plaintiff any prospective date for production of the documents. Therefore, Plaintiff is left with no choice but to move the Court to find the Estate in

1

civil contempt and impose sanctions against the Estate pursuant to Federal Rule of Civil Procedure 37(b)(2).[1]

## II. BACKGROUND

### A. The Court Ordered Production under Plaintiff's Subpoenas.

In June 2015, Plaintiff served the Estate with a subpoena that sought production of, among other things, financial documents related to a contract that Plaintiff negotiated for Michael Jackson for the production of "Thriller 25," a 25th anniversary edition of Mr. Jackson's "Thriller" album. *See* Subpoena to the Estate of Michael Jackson, Dkt. No. 42-2. Despite having agreed through the meet and confer process to the substance of what would be produced under the subpoenas, on August 6, 2015, the Estate moved the Court to enter a protective order that would allow the Estate to withhold production of the documents until after the resolution of the liability portion of this case. *See* Mot. for Protective Order, Dkt. No. 41. Plaintiff opposed this motion on the grounds that (1) as a third party, the Estate did not have a right to request the extraordinary measure of bifurcating Plaintiff's case, and (2) the subpoenaed documents were essential to Plaintiff's case. *See* Pl.'s Opp'n to Estate's Mot. for Protective Order, Dkt. No. 42.

On September 29, 2015, the Court issued an order granting in part and denying in part the Estate's motion. *See* Order of Sept. 29, 2015, Dkt. No. 44. The Court allowed the Estate not to produce materials directly to Plaintiff, but the Court ordered that the Estate produce all of the subpoenaed documents to Plaintiff's counsel. *See id.*

### B. The Estate Failed to Make the Ordered Production.

Following the Court's September 29 order, the Estate made two productions of documents to Plaintiff's counsel. However, the Estate has yet to produce the Thriller 25

---

[1] Plaintiff notes that while the subpoena was served on the Estate in California, the Estate consented to having the motions involving the subpoena heard in this district.

documents. Plaintiff's counsel has called and emailed counsel for the Estate on numerous occasions, but has yet to receive more than brief emails in response containing statements that the Estate could provide "something in the near future." *See* Exhibits A-C. Despite notice from Plaintiff's counsel that Plaintiff would have to file this contempt motion to force compliance with the Court's order if the Estate continued to delay production of the Thriller 25 documents, the Estate did not offer an explanation for the delay, nor did it provide any indication of when the production would be made.

By refusing to obey the Court's September 29 order, the Estate is preventing Plaintiff from proceeding with prosecuting her case. The Thriller 25 documents are necessary for Plaintiff's damages expert to prepare a complete report of the losses Plaintiff suffered as a result of the Defendants' negligent representation. As outlined in the parties' Stipulation and Proposed Order filed on November 13, 2015 (Dkt. No. 45), Plaintiff's expert will need additional time to produce a supplemental damages report after reviewing documents produced by the Estate (assuming the Court permits such review), and afterwards, Plaintiff will supply her expert report to the Defendants and the Defendants will need to depose Plaintiff's expert. All of these events hinge on the production of the Thriller 25 documents. By not producing these documents, the Estate is holding up the progress of this case and preventing the parties from litigating the next stage of the case.

### III. ARGUMENT

The Estate's recalcitrance violates both Rules 37 and 45 of the Federal Rules of Civil Procedure. For that reason, the Court should hold the Estate in contempt until it produces the Thriller 25 documents. Additionally, Plaintiff asks that the Court impose appropriate sanctions against the Estate to incentivize compliance with the Court's September 29 order.

#### A. The Estate Should be Held in Civil Contempt.

Under Federal Rule of Civil Procedure 45(g), a court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).  Additionally, if a party fails to obey a discovery order, Rule 37 allows a court to treat that failure as contempt of court.  Fed. R. Civ. P. 37(b)(2)(A)(vii).  Courts can use a finding of civil contempt to force a party to comply with the Court's orders, including orders to produce documents.  *See Commodity Futures Trading Comm'n v. Trade Exch. Network Ltd.*, No. CV 12-1902 (RCL), 2015 WL 4624112, at *2-3 (D.D.C. Aug. 3, 2015); *Int'l Painters & Allied Trades Indus. Pension Fund v. ZAK Architectural Metal & Glass LLC*, 736 F. Supp. 2d 35, 38 (D.D.C. 2010).  Findings of civil contempt are generally conditional, in that "a person or entity held in civil contempt may avoid the sanctions by promptly complying with the court's order." *Petties v. Dist. of Columbia*, 897 F. Supp. 626, 629-30 (D.D.C. 1995).

A court can find a party to be in civil contempt when (1) a "clear and unambiguous" order is in place, (2) the order required certain conduct by the party, and (3) the party failed to comply with the order.  *See United States v. Latney's Funeral Home, Inc.*, 41 F. Supp. 3d 24, 29-30 (D.D.C. 2014).  A party's intent in failing to comply with a court order is not relevant to a contempt finding.  *Secs. & Exch. Comm'n v. Bilzerian*, 112 F. Supp. 2d 12, 16 (D.D.C. 2000). The party can attempt to avoid a contempt finding with a showing of substantial good faith compliance, but the burden for such a showing is steep, requiring the party to prove that it "took all reasonable steps within [its] power to comply with the court's order." *Food Lion, Inc. v. United Food & Commercial Workers Int'l Union, AFL-CIO-CLC*, 103 F.3d 1007, 1017 (D.C. Cir. 1997) (alteration in original) (quoting *Glover v. Johnson*, 934 F.2d 703, 708 (6th Cir. 1991)) (internal quotation marks omitted).

Here, based on the Estate's refusal to follow the Court's September 29 order, the Estate should be held in contempt under both Rule 45(g), for refusing to obey the subpoena and the

Court's order related to the subpoena, and Rule 37(b)(2)(A), for failing to obey a discovery order. The Court's September 29 order clearly and unambiguously ordered the Estate to "produce the information called for by plaintiff's subpoenas." *See* Order of Sept. 29, 2015, Dkt. No. 44. The Estate knew the order required it to take action, as it did produce some of the required materials. However, the Estate failed to comply with the order by not producing the Thriller 25 documents, which make up the bulk of Plaintiff's requests in the subpoena and are essential to the disposition of this case. The Estate also cannot argue that it substantially complied with the Court's order, as the Thriller 25 documents were a major aspect of the ordered production, and the Estate has made no apparent effort to produce those documents. Therefore, because the Estate violated a clear Court order and did not make a good faith attempt at substantial compliance, Plaintiff respectfully asks that the Court hold the Estate in civil contempt for its failure to produce the Thriller 25 documents.

### B.     Sanctions Should Be Imposed against the Estate

Under Federal Rule of Civil Procedure 37(b)(2), a court can impose a variety of sanctions against a party found to be in violation of a discovery order. Rule 37 lists a number of potential sanctions, but a court has the power to impose sanctions beyond that list and "may exercise discretion to fashion sanctions appropriate for the facts before it under Rule 37(b)." *See D.L. v. D.C.*, 274 F.R.D. 320, 325 (D.D.C. 2011). They key requirement in determining an appropriate sanction is that it be just and proportional to a party's wrongdoing. *Id.* The court should impose sanctions that will successfully coerce the recalcitrant party into complying with the court's orders. *See Food Lion*, 103 F.3d at 1016; *Tracfone Wireless, Inc. v. LaMarsh*, 307 F.R.D. 173, 175 (W.D. Pa. 2015). As one potential sanction, a court can order the party in contempt "to pay the reasonable expenses, including attorney's fees, caused by" the party's failure to comply with the court's discovery order. Fed. R. Civ. P. 37(b)(2)(C); *Bolger v. D.C.*, 248 F.R.D. 339, 346

Case 1:13-cv-00848-RCL   Document 47   Filed 12/14/15   Page 6 of 9

(D.D.C. 2008). In appropriate circumstances, the court may also levy daily fines against the party in contempt until it complies with the court's order. *See Tracfone Wireless*, 307 F.R.D. at 175.

Most of the measures listed in Rule 37(b)(2)(A) are targeted at parties to the litigation, and therefore would not be effective sanctions against the Estate.[2] For this reason, in order to secure compliance from the Estate, Plaintiff proposes that the Court impose a daily fine on the Estate until it complies with the Court's September 29 order. That will incentivize the Estate to cease delaying the progress of this case and make the required production of the Thriller 25 documents. Plaintiff also requests attorney's fees and costs under Rule 37(b)(2)(C).

## IV.   CONCLUSION

For the above-listed reasons, Plaintiff respectfully requests that the Court enter an order:

(1)   Granting Plaintiff's Motion for An Order To Show Cause Why the Estate Is Not In Civil Contempt of this Court's September 29, 2015 Order; and

(2)   Requiring the Estate to show cause in writing why it is not in civil contempt by January 15, 2016; and

(3)   Granting Plaintiff's Motion For Sanctions Against the Estate Pursuant to Fed. R. Civ. P. 37(b)(2); and

(4)   Imposing the following sanctions due to the Estate's Contempt of this Court's September 29, 2015 Order and the Estate's Violations of Rule 37(b)(2) of the Federal Rules of Civil Procedure:

---

[2] These sanctions include directing that facts be taken as true, limiting a party's claims or defenses, preventing a party from entering evidence, striking pleadings, staying the proceedings, dismissing the action, and rendering a default judgment.

a) The Estate is ordered to immediately produce all documents related to Thriller 25 requested in Plaintiff's subpoenas;

b) The Estate must pay a daily fine in an amount determined to be appropriate by the Court until the Estate produces the Thriller 25 documents; and

c) The Estate must pay all reasonable expenses, including attorney's fees, incurred by Plaintiff as a result of the Estate's failures to obey the Court's September 29 Order and abide by its discovery obligations, including those expenses that Plaintiff incurred concerning this Motion to Show Cause and for Sanctions.

Pursuant to Fed. R. Civ. P. 37(a)(1), and Local Civil Rule 7(m), the undersigned counsel for Plaintiff certifies that, as detailed above, counsel for Plaintiff made efforts to confer in good faith with counsel for the Estate by telephone and e-mail to obtain their full compliance with the Court's September 29 order, and provided the Estate notice of Plaintiff's intent to file this motion.

Dated: December 14, 2015                          Respectfully submitted,


/s/ James J. Pizzirusso_____
Michael D. Hausfeld
James J. Pizzirusso
HAUSFELD LLP
1700 K Street NW, Suite 650
Washington, DC 20006
Telephone: (202) 540-7200
Facsimile: (202) 540-7201
Email: mhausfeld@hausfeld.com
          jpizzirusso@hausfeld.com

Bonny E. Sweeney
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Telephone: (415) 633-1908

        Facsimile: (415) 358-4980
        Email: bsweeney@hausfeld.com

        */s/ Jeffrey L. Fazio*_____
        Jeffrey L. Fazio
        FAZIO MICHELETTI LLP
        2410 Camino Ramon, Suite 315
        San Ramon, CA 94583
        Telephone: (925) 543-2555
        Email: jlf@fazmiclaw.com

        *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

    I, James J. Pizzirusso, hereby certify that I caused a true and correct copy of the foregoing Motion Memorandum in Support for an Order (1) To Show Cause Why Third-Parties John Branca and John McClain, as Executors of the Estate of Michael Jackson, Are not in Civil Contempt and (2) For Sanctions against the Estate Pursuant to Fed. R. Civ. P. 37(b)(2) to be served on all counsel of record via electronic mail on December 14, 2015.

                                               */s/ James J. Pizzirusso*_____
                                               James J. Pizzirusso